UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:08-cr-140-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS SEAN HIX, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the "Notice of Void Judgment" filed by Marcus Sean Hix. [DE 96]. Upon reviewing said filing, the Court notes that the precise relief Hix seeks is not entirely clear. Whether construed as a motion for a new trial under the Federal Rules of Criminal Procedure or as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, however, the filing is untimely and relief will be denied.

On November 4, 2009, this Court entered judgment upon Hix's plea of guilty to 18 U.S.C. § 2251(e). *See* DE 91. As Hix's current filing makes no mention of newly discovered evidence, any motion for a new trial necessarily is made pursuant to Fed. R. Crim. P. 33(b)(2) – a new trial based on "other grounds." This provision provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must

be filed within 14 days after the verdict or finding of guilty." Accordingly, any motion for relief under the rule is untimely.

Any petition for relief pursuant to 28 U.S.C. § 2255 is time-barred, as well. Hix failed to pursue a direct appeal within fourteen days after the entry of judgment against him and, thus, his sentence became final on November 19, 2009. *See* Fed. R. App. P. 4(b); *United States v. Miller,* 434 F.3d 820, 823 (6th Cir. 2006). Motions under § 2255 must be filed one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Hix does not suggest that the circumstances described in (f)(2), (3), or (4) are present or that equitable tolling would be appropriate. *See Holland v. Florida,* 130 S.Ct. 2549 (2010). Accordingly, the time for Hix

2

to file a § 2255 motion expired in November 2010 – one year from the date his conviction became final.

Based on the foregoing, Plaintiff's request for relief is **DENIED.**

This the 4th day of June, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge